PEOPLE *v.* McGEE

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 April 6, 1971, at Grand Rapids. (Docket No. 10300.) Decided April 29, 1971.

Calvin McGee was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: T. M. BURNS, P. J., and FITZGERALD and R. B. BURNS, JJ.

PER CURIAM. Defendant Calvin McGee and his codefendant Andrew Thomas were tried by jury on the charge of robbery armed, MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797). The jury returned a verdict of guilty and on August 20, 1970, the defendant was sentenced to a term of 3 to 20 years imprisonment by Judge Joseph A. Gillis.

Defendant McGee filed a timely petition for court-appointed appellate counsel, which was granted by

order dated September 8, 1970. A claim of appeal and brief in support thereof present two questions for appellate review. First, it is contended that the trial court's instructions to the jury, after interrupting defendant's closing argument, constitute reversible error. Second, it is contended that the lower court erred in its instructions concerning reasonable doubt. The people have filed a motion to affirm the conviction and sentence on the grounds that the questions presented for review are so unsubstantial as to warrant no argument or formal submission.

During defense counsel's closing argument to the jury, the prosecutor interrupted to register an objection on the grounds that the statements made relative to a possible prison term invaded the province of the court. Defense counsel noted the objection, apologized, and instructed the jury that he was withdrawing his statement. The court then interceded with the following remark:

"I instruct the jury that you are not to consider in any way the penalty. That is solely the problem of the court. Regardless of what a person is convicted for, it is not guaranteed that they go to jail. We only have two mandatory jail sentences in Michigan."

Defendant contends that this instruction misled the jury since a conviction on the charge of robbery armed, which involves an aggravated assault or serious injury, requires the imposition of a two year minimum term of imprisonment.

Defendant made no objection to the instruction at the time it was given, nor did he request a curative instruction prior to submission of the case to the jury. This Court has repeatedly held that it will not hear objections to jury instructions where the de-

fendant had an opportunity to object to the instructions, made no objection, and there has been no clear injustice. *People* v. *Fry* (1970), 27 Mich App 169; *People* v. *Wright* (1970), 23 Mich App 330.

Defendant's second contention is that the lower court erred in its charge to the jury on the subject of reasonable doubt. The defendant points to one sentence of the instructions in an effort to demonstrate that the lower court erred. This Court has repeatedly stated that instructions to the jury must be reviewed as a whole. *People* v. *Walter Van Turner* (1970), 26 Mich App 211; *People* v. *Fred W. Thomas* (1967), 7 Mich App 519. The instruction, when placed in context and read in its entirety, clearly demonstrates that the jury was properly charged on the subject of reasonable doubt.

The motion to affirm is granted.