*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KIARA MYERS,

        Plaintiff-Appellant,

v

ENTERPRISE LEASING COMPANY OF
DETROIT, LLC, doing business as ENTERPRISE
RENT-A-CAR, and MICHIGAN ASSIGNED
CLAIMS PLAN,

        Defendants-Appellees.

UNPUBLISHED
October 17, 2019

No. 343325
Wayne Circuit Court
LC No. 16-012240-NF

Before: FORT HOOD, P.J., and SAWYER and SHAPIRO, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent. The question before us is whether defendants have shown—beyond a question of fact—that when plaintiff used her mother's rental car she violated MCL 500.3113(a). That statute provides that a person using a car when not legally entitled to do so loses PIP coverage *if* they "knew or should have known that the motor vehicle or motorcycle was taken unlawfully." The majority opinion, however, largely ignores this requirement and, although this is a (C)(10) motion, gives little attention to the evidence presented, all of which supports plaintiff. Indeed, its decision to affirm dismissal rests wholly on a single sentence in plaintiff's deposition the plain language of which undermines, rather than supports, the majority's conclusion.

## I. APPLICABLE LAW

There are three relevant statutes: MCL 500.3113(a), MCL 750.413 and MCL 750.414. The first is the pertinent no-fault statute and the other two are statutes criminalizing "joyriding." The latter are relevant because in *Spectrum Health Hosps v Farm Bureau Mut Ins Co of Mich*, 492 Mich 503, 509; 821 NW2d 117 (2012), the Supreme Court held that a person who violates one these criminal statutes commits an unlawful taking in violation of MCL 500.3113(a).

-1-

MCL 500.3113(a) prevents a person from recovering PIP benefits *only* when the person "knew or should have known that the motor vehicle or motorcycle was taken unlawfully." Similarly, the caselaw is clear that MCL 750.413 and MCL 750.414 have two requirements: first that the use of the vehicle was not lawful and second, that the person using it knew that the vehicle was taken unlawfully.[1] This principle was established in 1921 in *People v Murnane*, 213 Mich 205; 182 NW2d 62 (1921), was reaffirmed in 1973 and again reaffirmed in the Supreme Court's 2014 decision in *Rambin v Allstate Ins Co*, 495 Mich 316; 852 NW2d 34 (2014).

*Murnane* involved a challenge to the jury instructions for the predecessor statute to MCL 750.413. The Court affirmed the defendant's conviction, holding:

> [T]he jury were instructed, in effect, that the respondent need not have physically participated in the unlawful taking possession of the car, but if satisfied that he was assisting in driving it away, *knowing it to have been unlawfully taken*, they would be justified in his conviction. We think this a fair construction of the statute. [*Murnane*, 213 Mich at 209 (emphasis added).]

This principle was reaffirmed in *People v Andrews*, 45 Mich App 354, 359; 206 NW2d 517 (1973), where we held with respect to MCL 750.413:

> While the 'done wilfully' element of the offense of driving away an automobile does not require the people to establish an intent permanently to deprive the owner of possession of the automobile, *guilty knowledge is an element of the offense*. [Citing *Murnane*, 213 Mich at 209 (emphasis added).]

The requirement of guilty knowledge was recently again reaffirmed in *Rambin*, 495 Mich 316, this time in a case involving MCL 750.414. The opinion in that case speaks to exactly the question now before us, and it rejected the proposition that *Spectrum* all but did away with the scienter requirement. To the contrary, the *Rambin* Court stated:

> We hold that MCL 750.414 is not a strict liability crime and that it contains a *mens rea* element that the taker must intend to take a vehicle "without authority." [*Id*. at 320.]

Thus, it is not sufficient that the plaintiff knowingly took a car and that her use was "unlawful"—it must be demonstrated that she knew or should have known that it was unlawful. *Rambin* thus held that MCL 750.414 requires "proof of a guilty mind," *id*. at 328, and "is not a

---

[1] MCL 750.413, known as felony joyriding, expressly contains an intent requirement: "Any person who shall, *wilfully* and without authority, take possession of and drive or take away . . . any motor vehicle, belonging to another, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than 5 years." (Emphasis added). As will be discussed, the Supreme Court has interpreted MCL 750.414, known as misdemeanor joyriding, as containing a *mens rea* requirement. *Rambin v Allstate Ins Co*, 495 Mich 316; 852 NW2d 34 (2014).

strict liability offense," *id*. at 331. Further, the *Rambin* Court held that the joyriding statutes "require[] an *intent* to take without authority or an intent to use without authority." *Id*. (emphasis added).[2]

The majority makes little reference to *Rambin.* It accurately cites that case as standing for the principle that "[t]he statute does not apply if . . . the claimant did not know and did not have reason to know that the taking was unlawful." Majority op, slip op, p 3. However, the rest of the majority opinion fails to adhere to that standard and seems to suggest that even if the claimant had a reasonable, good-faith belief that she had authority to use the car she may still be deprived of PIP benefits.

The majority also errs in my view, by affording no weight to the difference between the facts in this case, i.e., that plaintiff had her mother's permission to use the car, and in *Spectrum* where the claimant took the car "notwithstanding the fact that his father had *expressly forbidden* him to drive the vehicle." *Spectrum*, 492 Mich at 516 (emphasis added). Similarly, in *Spectrum*'s companion case, *Progressive Marathon Insurance Co v DeYoung*, the claimant took the vehicle "*contrary to the* [*owner's*] *standing instructions* and without her permission." *Id*. at 513 (emphasis added). This case bears no resemblance to those facts. To the contrary, it is a good example of the concern expressed by the Supreme Court in *Rambin* that "if there were no *mens rea* element respecting the taking or using of a vehicle, the statute could punish otherwise innocent conduct." *Rambin*, 495 Mich at 332.

## II. FACTS

This is a (C)(10) motion. It deals with facts as supported by evidence. Plaintiff has submitted evidence that she believed in good faith that she was driving the car with the necessary permission from her mother. By contrast, there is little to no evidence that plaintiff was acting in bad faith, i.e., that she knew she was not permitted to take the car. There is no evidence at all that plaintiff ever saw—let alone read—the contract between defendant Enterprise and plaintiff's mother; nor is there any claim that plaintiff was under a legal duty to do so. And there is no evidence that plaintiff, who was not a party to the contract, was ever told about its terms and restrictions.[3]

---

[2] See also *People v Hayward*, 127 Mich App 50, 63; 338 NW2d 549 (1983) (a conviction of joyriding under MCL 750.414 may be used for impeachment under MRE 609 because, joyriding is a crime "involving dishonesty" or an intent to "lie, cheat or defraud[.]") (cleaned up). If, as argued by defendants here, it is not necessary to show that the joyriding defendant knew she lacked authority to take the car, no "dishonesty" or intent to "defraud" is necessary.

[3] There is, of course, no law that a contract between party A and party B can render unlawful the actions of person C, who is neither a party to the contract nor an agent of either party.

Although this is a (C)(10) motion, the majority's discussion of the salient facts is difficult to locate. The entire discussion is contained in a single conclusory sentence reading, "It is undisputed that plaintiff took possession of Enterprise's vehicle and caused it to be driven away, and [did so] . . . with the explicit understanding that she was not authorized to drive it." Majority op, slip op, p 5. The sole reference to proofs in support of that conclusory statement is set out in the footnote to that text and reads—in its entirety—: "Plaintiff testified at her deposition that she understood that only her mother was authorized to drive the vehicle." Majority op, slip op, p 5 n 2. If in fact plaintiff had given such testimony, and there was no testimony to the contrary, I would agree that it would be sufficient to grant summary disposition. An examination of the record reveals, however, that plaintiff did not offer that testimony and that other testimony is inconsistent with defendants' claim. The deposition exchange on which the defense relies read as follows:

> *Q.* And who's vehicle was that, if you know?
>
> *A.* It was a rental vehicle.
>
> *Q.* Who rented it?
>
> *A.* My mother.
>
> *Q.* And was she the only renter on the vehicle?
>
> *A.* Yes.
>
> *Q.* And you *understand* that no else was supposed to be driving that vehicle?
>
> *A.* Yes. [Emphasis added.]

The majority misconstrues this testimony by interpreting the present-tense verb "understand" to mean the past-tense verb "understood." That is, the majority reads this testimony as evidence of plaintiff's knowledge at the time she used the rental vehicle. But plaintiff was asked a present-tense question, i.e., did she *currently* understand that only her mother was allowed to drive the vehicle? Given the fact that she is involved in a lawsuit that turns on that very issue, it is no surprise that she now understands what the contract said. While that should be the end of the discussion, let us assume that the majority's reading of this statement is somehow reasonable. That would still not justify summary disposition under MCR 2.116(C)(10) because a present-tense reading of the word "understand" is just as reasonable, if not more so. Indeed, it is what the word literally means.[4] The majority's approach therefore loses sight of the fundamental rule that when considering a (C)(10) motion, we are required to

---

[4] The word "understand" can be used as a past-tense verb when paired with the word "did" as in: "Did you understand?" The question posed to plaintiff, however, asked: "And you understand . . . ?" That is unequivocally a present-tense question.

-4-

construe the evidence in a light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor. *State Farm Mut Auto Ins Co v Mich Muni Risk Mgt Auth*, 317 Mich App 97, 101; 892 NW2d 451 (2016). Plaintiff's subsequent testimony— unreferenced by the majority—further demonstrates the existence of at least a question of fact regarding what plaintiff knew at the relevant time (as opposed to at the time of the deposition):

> *Q*. Did you go with your mom to rent the vehicle?
>
> *A*. No.
>
> *Q*. On the rental contract, *do you know if she had your name or anybody else's name written on there*?
>
> *A*. I don't know. I didn't go with her. [Emphasis added.]

In sum, plaintiff was not a party to the rental contract and was never given a copy of the contract or asked to read it. She was never told that the contract barred her mother from letting anyone else use it. And, according to her testimony, her mother gave her explicit permission to use the car. Absent clairvoyance, it is hard to see how plaintiff could or should have known that doing so was unlawful.

The majority has improperly interpreted the record in the light most favorable to the moving party rather than the nonmovant as the law requires. In addition, the majority has misread *Spectrum*, and erred by not following *Rambin*. These cases make clear that innocent parties may not be deprived of PIP benefits even if their use of the car was unlawful, unless it can be shown that they knew, or should have known, that the use was unlawful. Here there is no evidence of this requirement—certainly not sufficient evidence to grant summary disposition.

Accordingly, I dissent and would reverse the decision of the trial court to grant summary disposition under MCR 2.116(C)(10).

/s/ Douglas B. Shapiro