*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

USA UNDERWRITERS,

   Plaintiff-Appellee,

v

DEJONNAE AUDREY ISAAC and LORRAYNE
ANNE DEFER,

   Defendants,

and

PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

   Defendant-Appellant.

UNPUBLISHED
December 17, 2024
10:23 AM

No. 367384
Macomb Circuit Court
LC No. 2023-000027-CZ

Before: YOUNG, P.J., and M. J. KELLY and FEENEY, JJ.

PER CURIAM.

In this declaratory judgment action, defendant-appellant Progressive Michigan Insurance
Company appeals as of right the trial court's order granting summary disposition to plaintiff, USA
Underwriters, under MCR 2.116(C)(10). Because the trial court did not err by granting summary
disposition, we affirm.

## I. BASIC FACTS

In March 2021, defendant DeJonnae Isaac applied for a personal auto insurance policy with
USA Underwriters. On the application for insurance, she represented that she had a valid driver's
license. And, consistent with MCL 500.3009(5), she elected residual liability coverage limits of

-1-

50,000 per person and \$100,000 per accident.[1]   Thereafter, USA Underwriters issued her a personal auto insurance policy.

On April 29, 2021, Isaac crashed her vehicle into one driven by defendant Lorrayne Defer. After the crash, USA Underwriters discovered that Isaac did not have a valid driver's license at the time that she signed the application.  In an affidavit, a USA Underwriting employee averred that an auto insurance policy would not have been issued to Isaac if she had not misrepresented that she had a valid driver's license.  As a result of the misrepresentation, USA Underwriters rescinded Isaac's insurance policy.

In the meantime, Defer filed a claim against Isaac, seeking damages for the bodily injuries that she sustained in the crash.  In response, USA Underwriters filed a complaint for declaratory judgment, seeking a determination that it did not have a duty to defend, indemnify, or pay any claims on behalf of Isaac as it related to the underlying litigation between Isaac and Defer because the policy it had issued to Isaac had been rescinded.  Progressive Michigan Insurance Company, which had issued an automobile insurance policy to Defer that included uninsured/underinsured benefits, was added to the case as a defendant.

USA Underwriters moved for summary disposition.  In response, Progressive asserted that it did not have to pay uninsured/underinsured benefits to Defer until after all applicable policies of bodily injury liability insurance—including the residual liability insured in Isaac's auto policy—were exhausted.  Progressive argued that USA Underwriters, as Isaac's insurer, was responsible for paying the residual liability insurance even though it had rescinded Isaac's policy.  The trial court disagreed and, following a hearing on the motion, entered the order granting summary disposition to USA Underwriters.  This appeal follows.

## II.  SUMMARY DISPOSITION

### A.  STANDARD OF REVIEW

Progressive argues that the trial court erred by granting USA Underwriters' motion for summary disposition.  We review de novo a trial court's decision to grant summary disposition. *Progressive Marathon Ins Co v Espinoza-Solis*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 366764); slip op at 3.  When reviewing a motion under MCR 2.116(C)(10), we consider "the entire record in the light most favorable to the party opposing the motion, including affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties." *Id*. (quotation marks and citation omitted).  Summary disposition is warranted if "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law."  MCR 2.116(C)(10).

---

[1] Personal protection insurance (PIP) benefits protect an insured from the costs of injury; residual liability insurance protects third parties from the costs of injury.  See *Coburn v Fox*, 425 Mich 300, 309; 389 NW2d 424 (1986).  Limits of \$50,000/\$100,000 are the lowest coverage amounts available under MCL 500.3009.

## B. ANALYSIS

Under MCL 500.3009, all auto insurance policies issued in Michigan are required to include residual liability insurance coverage. For policies issued after July 1, 2020, the default policy limits are $250,000 per person and $500,000 per accident. MCL 500.3009(1)(a) and (b). However, under MCL 500.3009(5), an insured may elect statutory limits of $50,000 per person and $100,000 per accident. In this case, Isaac elected limits of $50,000/$100,000.

USA Underwriters, however, rescinded her policy due to a material misrepresentation in the procurement of the policy. See *Lash v Allstate Ins Co*, 210 Mich App 98, 103; 532 NW2d 869 (1995) ("It is well-settled that a material misrepresentation made in an application for no-fault insurance entitled the insurer to rescind the policy."). In the proceedings before the trial court, USA Underwriters argued that its rescission of the policy precluded it from providing statutorily mandated benefits—such as those required under MCL 500.3009—to Defer, the injured third party. Progressive, Defer's insurer, objected, contending that under *Wilmore-Moody v Zakir*, 511 Mich 76; 999 NW2d 1 (2023), notwithstanding its rescission of Isaac's policy, USA Underwriting continues to be required by MCL 500.3009 to provide Isaac with residual liable benefits.[2]

On appeal, Progressive directs this Court to *Titan Ins Co v Hyten*, 491 Mich 547; 817 NW2d 562 (2012). In that case, our Supreme Court held that "fraud in the application for an insurance policy may allow the blameless contracting party to avoid its contractual obligations through the application of traditional legal and equitable remedies." *Id*. at 570. One equitable remedy that may be available is rescission. *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). The availability of rescission as a remedy for fraud, however, may be "limited or narrowed by statute." *Id*. at 558; see also *Wilmore-Moody*, 511 Mich at 85. The *Titan* Court expressly identified MCL 500.3220 and the financial responsibility act, MCL 257.501 *et seq*., as statutes that limit an insurer's ability to avoid liability under an insurance policy. *Titan*, 491 Mich at 558. Additionally, in a footnote, the *Titan* Court suggested that an insurer could not avoid liability for the statutorily mandated residual liability insurance required under MCL 500.3009. *Id*. at 572 n 17.

---

[2] Progressive's reliance on *Wilmore-Moody* is misplaced. In its reply brief, Progressive contends that *Wilmore-Moody* stands for the proposition that rescission "does not alter reality" and does not affect parties that are unrelated to the insurance contract. See *Wilmore-Moody*, 511 Mich at 86. *Wilmore-Moody*, however, only addressed claims under MCL 500.3135(2)(c). Under that statute, third-party benefits are unavailable to an injured party who (1) was operating their own motor vehicle at the time of the crash and (2) did not have an insurance policy in effect for that vehicle. The *Wilmore-Moody* Court concluded that a rescission of the injured party's insurance contract does not alter time so as to render them uninsured at the time of the crash. *Wilmore-Moody*, 511 Mich at 79. In doing so, the Court relied upon express statutory language indicating that the pertinent time for assessing whether the injured party had insurance coverage was "at the time the injury occurred." *Id*. at 85-86. The Court concluded that the injured party was insured at the time of the accident because the rescission did not occur until after the accident; therefore, the injured party was not precluded by MCL 500.3135(2)(c) from recovering benefits. In this case, MCL 500.3135(2)(c) is not implicated. As such, *Wilmore-Moody* is inapposite.

Progressive argues that footnote 17 of *Titan* should control the outcome of this case. That is, Progressive argues that USA Underwriters may not use the remedy of rescission to avoid liability for the residual liability insurance it provided to Isaac in the policy that it issued to her. In support, Progressive directs this Court to Judge MURPHY'S concurring opinion in *State Farm Mut Auto Ins Co v Mich Muni Risk Mgt Auth*, 317 Mich App 97, 104; 892 NW2d 451 (2016). In his opinion, Judge MURPHY stated that "[w]hen footnote 17 is read in conjunction with the sentence to which it was appended, it necessarily signified the Supreme Court's stance that the . . . residual liability coverage mandated by MCL 500.3009(1) cannot be diminished or limited by legal or equitable remedies generally available to an insurer for actionable fraud."

However, neither footnote 17 of *Titan* nor Judge MURPHY'S interpretation of it are dispositive because our Supreme Court has since clarified that footnote 17 is non-binding dicta. See *Bazzi*, 502 Mich at 406-407. Indeed, *Bazzi* made clear that "common-law defenses are available when there are contractual insurance policies but limited when a statute prohibits the defense." *Id*. at 406. As it relates to the PIP benefits being sought by the plaintiff, the *Bazzi* Court held that "[a]lthough PIP benefits are mandated by statute, the no-fault act neither prohibits an insurer from invoking the common-law defense of fraud nor limits or narrows the remedy of rescission." *Id*. Thus, as it relates to statutorily-mandated benefits—such as those required under MCL 500.3009—the pertinent inquiry under *Bazzi* is whether there is statutory language prohibiting the insurer from invoking the common-law defense of fraud or limiting or narrowing the remedy of rescission. MCL 500.3009 does not include any such limiting language. Consequently, Progressive's argument that rescission cannot be used to avoid liability for statutorily mandated residual liability coverage under MCL 500.3009 is without merit.

In *Bazzi*, our Supreme Court recognized that, even when not precluded by statutory language, an insurer would not be entitled to rescission as a remedy for fraud in the procurement of the policy in all cases. Rather, "[w]hen a plaintiff is seeking rescission, the trial court must balance the equities to determine whether the plaintiff is entitled to the relief he or she seeks." *Bazzi*, 502 Mich at 410. Here, however, Progressive did not argue before the trial court that a balancing of the equities between it and USA Underwriters would preclude the court from determining that rescission was available to USA Underwriters. Therefore, any such argument has been waived. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090); slip op at 2-5 (stating that the failure to properly raise an issue before the trial court results in wavier of that issue on appeal). Moreover, even on appeal, Progressive is not making such an argument. To the contrary, it asserts in its reply brief that a balancing of the equities is not required. Given that the issue has not been raised in the trial court or even on appeal in this Court, we decline to remand for the trial court to balance the equities.

Affirmed. USA Underwriters may tax costs as the prevailing party. MCR 7.219(A).

/s/ Adrienne N. Young
/s/ Michael J. Kelly
/s/ Kathleen A. Feeney